

FILED

MAR 23 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   15 CR 154 |
| ) | |
| ) | Judge Thomas M. Durkin |
| v. ) | **MAGISTRATE JUDGE BROWN** |
| ) | Violation: Title 18, United States Code, |
| RICHARD MARC HAMID, and ) | Sections 1341; Title 26, United |
| JOSEPH GURDAK ) | States Code, Section 7206(1); and Title 31, |
| ) | United States Code, Section 5324 |
| ) | |
| ) | **SUPERSEDING INDICTMENT** |

## COUNT ONE

The SPECIAL FEBRUARY 2016 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant RICHARD MARC HAMID, an attorney licensed to practice law in Illinois, owned an interest in and controlled various companies that purchased and re-sold tickets to entertainment and sporting events, including JustGreatTickets.com, Inc., and Just Great Seats, LLC.

    b. Defendant HAMID owned an interest in and controlled Right Field Properties, LLC, a company that owned the real property located at 3627 North Sheffield Avenue in Chicago, adjacent to Wrigley Field.

    c. Defendant HAMID owned an interest in and controlled Right Field Rooftops, LLC, doing business as "Skybox on Sheffield," located at 3627 North Sheffield Avenue in Chicago, a rooftop entertainment venue located adjacent to Wrigley Field.

1

d. Skybox on Sheffield charged customers a fee for admission that included access to the roof level and other areas of the venue to watch Chicago Cubs baseball games and other events occurring live at Wrigley Field, as well as food and drink.

e. Skybox on Sheffield was the assignee of an agreement that governed the business relationships between the Cubs and each of the rooftops located adjacent to Wrigley Field, including Skybox on Sheffield. Pursuant to the Cubs agreement, Skybox on Sheffield was required, among other things, (1) to pay the Cubs, on an annual basis, a royalty of 17% of Skybox on Sheffield's gross revenues, and (2) to provide the Cubs, by December 15 of every calendar year, a written season royalty statement that included, for the preceding baseball season, the attendance at Skybox on Sheffield for every event and the total gross revenues for the season.

f. The City of Chicago municipal code sections applicable to the rooftops adjacent to Wrigley Field permitted Skybox on Sheffield to provide services for up to 200 persons per event.

g. The City of Chicago required Skybox on Sheffield to collect from patrons and pay to the City of Chicago an amusement tax on admission fees, and to report such fees collected and taxes owed in amusement tax returns filed with the City of Chicago.

h. Cook County required Skybox on Sheffield to collect from patrons and pay to Cook County an amusement tax on admission fees, and to report such fees collected and taxes owed in amusement tax returns filed with Cook County.

i. The State of Illinois required Skybox on Sheffield to file sales tax returns and to pay the State of Illinois a set dollar amount per event attendee allocated for food and beverage sold.

j. Individuals A, B, and C were employees of Skybox on Sheffield who reported to defendant HAMID.

k. Defendant JOSEPH GURDAK was a certified public accountant licensed and registered in Illinois who performed accounting work for defendant HAMID and his businesses, including, among other things, preparing defendant HAMID's personal tax returns, preparing general ledgers and tax returns for defendant HAMID's businesses, and preparing the annual season royalty statements that Skybox on Sheffield submitted to the Cubs.

2. Beginning no later than in or about 2007 and continuing until on or about March 26, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD MARC HAMID, and
JOSEPH GURDAK,

defendants herein, devised, intended to devise, and participated in a scheme to defraud the Cubs, the State of Illinois, Cook County, and the City of Chicago, and to obtain money and property from the Cubs, the State of Illinois, Cook County and the City of Chicago, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that for the years 2008 through 2012 defendants HAMID, GURDAK and others, caused Skybox on Sheffield to submit false and fraudulent annual royalty statements to the Cubs that under-reported event attendance figures for Skybox on Sheffield by thousands of paid attendees, and under-reported gross revenues for Skybox on Sheffield by more than $1.5 million. During this time period, defendant HAMID caused Skybox on Sheffield to file false sales tax and amusement tax returns with state and local taxing authorities that similarly under-reported attendance and revenue figures. By concealing the actual revenues of Skybox on Sheffield from the Cubs, and state, county and local taxing authorities, defendants HAMID and

GURDAK caused Skybox on Sheffield to unlawfully withhold hundreds of thousands of dollars' worth of royalty payments rightfully owed to the Cubs under the terms of the Cubs agreement, and defendants HAMID and GURDAK caused Skybox on Sheffield to unlawfully withhold hundreds of thousands of dollars due and owing to state, county and local taxing authorities. Defendant HAMID caused Skybox on Sheffield to use those unlawfully withheld funds, totaling approximately $600,000, to pay defendant HAMID's personal expenses, and expenses for Skybox on Sheffield and defendant HAMID's other businesses.

4. It was further part of the scheme that defendant HAMID processed and recorded and caused Individuals A, B, and C to process and record sales for more than 200 attendees for events at Skybox on Sheffield, and to admit more than 200 persons for certain events at Skybox on Sheffield.

5. It was further part of the scheme that defendants HAMID and GURDAK prepared annual royalty statements to the Cubs that falsely stated 200 or fewer persons had attended and paid to attend events at Skybox on Sheffield, when defendants knew that more than 200 persons had attended and paid to attend the events.

6. It was further part of the scheme that defendant HAMID diverted and caused Individuals B and C to divert sales revenues from Skybox on Sheffield to other recipients, including defendant's other businesses such as Just Great Tickets and Just Great Seats, to conceal the revenues from the Cubs and others, and to avoid reporting the revenues in annual royalty statements to the Cubs.

7. It was further part of the scheme that defendant HAMID, to conceal revenues from the Cubs and others, and to avoid reporting the revenues in annual royalty statements to the Cubs, altered and caused Individuals B and C to alter certain Skybox on Sheffield invoices to

reflect an amount of $0, when defendant knew that customers paid hundreds or thousands of dollars for those Skybox on Sheffield reservations.

8. It was further part of the scheme that defendants HAMID and GURDAK prepared and submitted annual royalty statements to the Cubs that under-reported Skybox on Sheffield's gross revenues.

9. It was further part of the scheme that defendants HAMID and GURDAK paid and caused Skybox on Sheffield to pay the Cubs 17% of the purported gross revenues of Skybox on Sheffield for a particular baseball season, when defendants HAMID and GURDAK knew that the reported gross revenue figures upon which the annual 17% royalty payment were based were falsely under-reported, and Skybox on Sheffield was required to pay the Cubs more than it actually paid the Cubs for the particular season.

10. It was further part of the scheme that defendant HAMID caused Skybox on Sheffield to use royalty funds rightfully owed to the Cubs under the terms of the Cubs agreement to pay business expenses of Skybox on Sheffield and other businesses owned by defendant HAMID, and to pay defendant HAMID's personal expenses, instead of paying those funds over to the Cubs as required under the terms of the Cubs agreement.

11. It was further part of the scheme that, when the Cubs opted to perform an audit of Skybox on Sheffield pursuant to the Cubs agreement, defendants HAMID and GURDAK caused false and fraudulent documents that under-reported attendance and gross revenue for Skybox on Sheffield to be created for and provided to auditors for the Cubs.

12. It was further part of the scheme that defendant HAMID caused defendant GURDAK to prepare and file false amusement tax returns with the City of Chicago that falsely

under-reported Skybox on Sheffield admission fees, and caused Skybox on Sheffield to fail to pay over to the City of Chicago amusement taxes due and owing.

13. It was further part of the scheme that defendant HAMID caused defendant GURDAK to prepare and file false amusement tax returns with Cook County that falsely under-reported Skybox on Sheffield admission fees, and caused Skybox on Sheffield to fail to pay over to Cook County amusement taxes due and owing.

14. It was further part of the scheme that defendant HAMID caused defendant GURDAK to prepare and file false sales tax returns with the State of Illinois that falsely under-reported sales taxes due and owing from Skybox on Sheffield, and caused Skybox on Sheffield to fail to pay over to the State of Illinois sales taxes due and owing.

15. It was further part of the scheme that defendants HAMID and GURDAK did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

16. On or about December 18, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD MARC HAMID

defendant herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the 2008 season royalty statement for Skybox on Sheffield, addressed to the Chicago Cubs, 1060 West Addison Street, Chicago, IL 60613;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 15 of Count One of this indictment are incorporated here.

2. On or about December 15, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RICHARD MARC HAMID,

defendant herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the 2009 season royalty statement for Skybox on Sheffield, addressed to the Chicago Cubs, 1060 West Addison Street, Chicago, IL 60613;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 15 of Count One of this indictment are incorporated here.

2. On or about December 15, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD MARC HAMID,

defendant herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the 2010 season royalty statement for Skybox on Sheffield, addressed to the Chicago Cubs, 1060 West Addison Street, Chicago, IL 60613;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 15 of Count One of this indictment are incorporated here.

2. On or about December 15, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD MARC HAMID, and
JOSEPH GURDAK,

defendants herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by United Parcel Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the 2011 season royalty statement for Skybox on Sheffield, addressed to the Chicago Cubs, 1060 West Addison Street, Chicago, IL 60613;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 15 of Count One of this indictment are incorporated here.

2. On or about May 16, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RICHARD MARC HAMID,

defendant herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by the United States Postal Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the April 2012 amusement tax return for Skybox on Sheffield, addressed to the Cook County Department of Revenue, Amusement Tax, 25394 Network Place, Chicago, Illinois, 60673 - 1253;

In violation of Title 18, United States Code, Section 1341.

## COUNT SIX

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 15 of Count One of this indictment are incorporated here.

2. On or about June 20, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD MARC HAMID,

defendant herein, for the purpose of executing the scheme to defraud, knowingly delivered and caused to be delivered by the United States Postal Service, an interstate commercial carrier, according to the directions thereon, an envelope containing the May 2012 amusement tax return for Skybox on Sheffield, addressed to the Cook County Department of Revenue, Amusement Tax, 25394 Network Place, Chicago, Illinois, 60673 – 1253;

In violation of Title 18, United States Code, Section 1341.

## COUNT SEVEN

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1(a), (b), and (c) of Count One of this indictment are incorporated here.

2. Title 31, United States Code, Section 5331(a)(1) required that any person who is engaged in a trade or business, and who, in the course of such trade or business, received more than $10,000 in United States currency in one transaction (or two or more related transactions), file an IRS Form 8300 with the IRS.

3. From approximately May 2011 until at least September 2012, defendant RICHARD MARC HAMID maintained bank accounts under the name Right Field Rooftops at MB Financial, Just Great Seats at Republic Bank, justgreattickets.com at MB Financial, Wrigley View Tickets at Associated Bank, Marc Hamid at Republic Bank, and Marc Hamid at MB Financial.

4. Title 31, United States Code, Section 5313, and Title 31, Code of Federal Regulations, Parts 103.22(b)(1) and 103.27(a) required that a financial institution that engaged in a currency transaction involving more than $10,000 in U.S. Currency file a report of the transaction with the Internal Revenue Service.

5. Republic Bank, MB Financial, and Associated Bank were domestic financial institutions subject to the Currency Transaction Reporting requirements described in the preceding paragraph.

6. From on or about October 31, 2011 to November 1, 2011, in the Northern District of Illinois, Eastern Division,

RICHARD MARC HAMID,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, structured and assisted in structuring transactions at MB Financial and Republic Bank by depositing and causing to deposit $16,000 in United States currency in amounts under $10,000 as set forth below:

| Date | Bank | Account | Amount |
|---|---|---|---|
| 10/31/2011 | Republic Bank | Marc Hamid | $5,000 |
| 10/31/2011 | MB Financial | Marc Hamid | $5,000 |
| 11/1/2011 | MB Financial | March Hamid | $6,000 |

All in violation of Title 31, United States Code, Sections 5324(a)(3).

## COUNT EIGHT

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1(a), (b), and (c) of Count One and paragraphs 1 through 5 of Count Seven are incorporated here.

2. On or about January 17, 2012, in the Northern District of Illinois, Eastern Division,

RICHARD MARC HAMID,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, structured and assisted in structuring transactions at MB Financial, Republic Bank and Associated Bank by depositing and causing to deposit $22,500 in United States currency in amounts under $10,000 as set forth below:

| Date | Bank | Account | Amount |
|---|---|---|---|
| 1/17/2012 | Republic Bank | Marc Hamid | $7,500 |
| 1/17/2012 | MB Financial | Justgreattickets.com | $5,000 |
| 1/17/2012 | MB Financial | Justgreattickets.com | $5,000 |
| 1/17/2012 | Associated Bank | Wrigley View Tickets | $5,000 |

All in violation of Title 31, United States Code, Sections 5324(a)(3).

14

## COUNT NINE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1(a), (b), and (c) of Count One and paragraphs 1 through 5 of Count Seven are incorporated here.

2. On or about February 6, 2012, in the Northern District of Illinois, Eastern Division,

RICHARD MARC HAMID,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, structured and assisted in structuring transactions at MB Financial, Republic Bank, and Associated Bank by depositing and causing to deposit $27,600 in United States currency in amounts under $10,000 as set forth below:

| Date | Bank | Account | Amount |
|---|---|---|---|
| 2/6/2012 | Republic Bank | Marc Hamid | $8,000 |
| 2/6/2012 | MB Financial | Marc Hamid | $3,000 |
| 2/6/2012 | MB Financial | Marc Hamid | $5,600 |
| 2/6/2012 | MB Financial | Justgreattickets.com | $5,000 |
| 2/6/2012 | Associated Bank | Wrigley View Tickets | $6,000 |

All in violation of Title 31, United States Code, Sections 5324(a)(3).

15

## COUNT TEN

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations of paragraphs 1(a), (b), and (c) of Count One and paragraphs 1 through 5 of Count Seven are incorporated here.

2. On or about July 24, 2012, in the Northern District of Illinois, Eastern Division,

RICHARD MARC HAMID,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, structured and assisted in structuring transactions at Associated Bank and Republic Bank by depositing and causing to deposit $19,000 in United States currency in amounts under $10,000 as set forth below:

| Date | Bank | Account | Amount |
|---|---|---|---|
| 7/24/2012 | Associated Bank | Wrigley View Tickets | $8,500 |
| 7/24/2012 | Republic Bank | Marc Hamid | $7,000 |

All in violation of Title 31, United States Code, Sections 5324(a)(3).

## COUNT ELEVEN

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

3. The allegations of paragraphs 1(a), (b), and (c) of Count One and paragraphs 1 through 5 of Count Seven are incorporated here.

4. On or about September 7, 2012, in the Northern District of Illinois, Eastern Division,

RICHARD MARC HAMID,

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations prescribed thereunder, structured and assisted in structuring transactions at Republic Bank and Associated Bank by depositing and causing to deposit $16,500 in United States currency in amounts under $10,000 as set forth below:

| Date | Bank | Account | Amount |
| --- | --- | --- | --- |
| 9/7/2012 | Associated Bank | Wrigley View Tickets | $8,000 |
| 9/7/2012 | Republic Bank | Marc Hamid | $8,500 |

All in violation of Title 31, United States Code, Sections 5324(a)(3).

## COUNT TWELVE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about April 15, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

## JOSEPH GURDAK,

defendant herein, willfully made, subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return, Form 1040, for the tax year 2012, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter in that he reported $91,340 as his total income on line 22 of his Form 1040, whereas defendant GURDAK knew his total income substantially exceeded this amount;

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2016 GRAND JURY further alleges:

1. The allegations of Counts One through Six of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 981(a)(1)(C).

2. As a result of his violation of Title 18, United States Code, Section 1341, as alleged in this indictment,

RICHARD MARC HAMID,

defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), any and all right, title, and interest he may have in any property constituting and derived from proceeds obtained directly or indirectly as the result of such violation.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), include but are not limited to royalty payments rightfully owed to the Cubs, sales taxes due and owing to the State of Illinois, and amusement taxes due and owing to Cook County and the City of Chicago, all unlawfully withheld by Skybox on Sheffield, in the amount of at least approximately $600,000.

4. If any of the property subject to forfeiture described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), including defendant's interest in Right Field Properties, LLC, owner of record of the real property located at 3627 North Sheffield Avenue, Chicago, Illinois, and defendant's interest in Right Field Rooftops, LLC, doing business as Skybox on Sheffield, located at 3627 North Sheffield Avenue, Chicago, Illinois;

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C).

              A TRUE BILL:

              _____
              FOREPERSON

_____
UNITED STATES ATTORNEY